UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARIA RAMIREZ, a/k/a MARIA TERESA
DE JESUS RAMIREZ HERNANDEZ,

        Plaintiff,

vs.

JORGE DEONA,

        Defendant.

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, MARIA RAMIREZ, a/k/a MARIA TERESA DE JESUS RAMIREZ HERNANDEZ, through undersigned counsel, files this Complaint against Defendant, JORGE DEONA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant, JORGE DEONA, resides in and/or regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant is the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

5. This action arises under the laws of the United States.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to

The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

8. Plaintiff worked for Defendant as a non-live-in housekeeper at Defendant's residence from on or about November 5, 2013 through on or about March2 0, 2016.

9. 29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendant as a domestic service employee, Plaintiff's work for Defendant is covered under the Fair Labor Standards Act.

10. 29 C.F.R. 552.99 states "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic

employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."

11. Additionally, Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while she worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

12. Between the period of on or about November 5, 2013 through on or about March 20, 2016, Plaintiff worked an average of 44 hours a week for Defendant and was paid an average of $9.09 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

13. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of

trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                                    Respectfully Submitted,

                                                   J.H. Zidell, Esq.
                                                   J.H. Zidell, P.A.
                                                   Attorney For Plaintiff
                                                   300 71st Street, Suite 605
                                                   Miami Beach, Florida 33141
                                                   Tel: (305) 865-6766
                                                   Fax: (305) 865-7167
                                                   E-mail: zabogado@aol.com

                                                   By:__/s/ J.H. Zidell_____
                                                         J.H. Zidell, Esq.
                                                   Florida Bar Number: 0010121