UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20530-CIV-DPG

MARIA RAMIREZ a/k/a MARIA TERESA
DE JESUS RAMIREZ HERNANDEZ,

    Plaintiff,

vs.

JORGE DE ONA,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendant, JORGE DE ONA ("Defendant"), by and through the undersigned counsel, hereby files this Answer and Defenses to Plaintiff MARIA RAMIREZ a/k/a MARIA TERESA DE JESUS RAMIREZ HERNANDEZ's Complaint.

1. Defendant admits that Plaintiff purports to bring an action against Defendant under the Fair Labor Standards Act ("FLSA"), but he denies that Plaintiff is entitled to any of the relief sought.

2. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 2 and therefore, denies same.

3. The allegations set forth in Paragraph 3 of the Complaint state a legal conclusion and require no response from Defendant. To the extent a response is required, Defendant admits that he was a resident of and conducted business in Miami-Dade County, Florida during the relevant time period, and previously employed Plaintiff in Miami-Dade County, Florida during

the relevant time period. Defendant denies as stated the remaining allegations set forth in Paragraph 3 of the Complaint.

4. The allegations set forth in Paragraph 4 of the Complaint state a legal conclusion and require no response from Defendant. To the extent a response is required, Defendant admits that he previously employed Plaintiff in Miami-Dade County, Florida during the relevant time period, but denies as stated the remaining allegations in Paragraph 4.

## COUNT I
### *Alleged Federal Overtime Wage Violation*

5. Defendant admits that Plaintiff purports to bring an action against the laws of the United States, but he denies that Plaintiff is entitled to any of the relief sought.

6. The allegations set forth in Paragraph 6 of the Complaint state a legal conclusion and require no response from Defendant. To the extent a response is required, Defendant admits that Plaintiff purports to bring an action under the FLSA but denies that she is entitled to any of the relief sought.

7. The recitation of an excerpted portion of 29 U.S.C. § 207(a)(1) is a statement of law for which no response is required. To the extent a response is required, Defendant admits only that Plaintiff accurately quoted 29 U.S.C. § 207(a)(1) and specifically denies violating any laws that support a claim for relief by Plaintiff.

8. Defendant admits that Defendant employed Plaintiff as a non-live-in housekeeper at Defendant's residence, but denies as stated the remaining allegations set forth in Paragraph 8 of the Complaint.

9. As to the first sentence of Paragraph 9, the recitation of an excerpted portion of 29 U.S.C. § 202 is a statement of law for which no response is required. To the extent a response is required, Defendant admits only that Plaintiff accurately quoted 29 U.S.C. § 202 and specifically

denies violating any laws that support a claim for relief by Plaintiff. As to the second sentence of Paragraph 9, Defendant admits that he previously employed Plaintiff as a domestic service worker, and he denies the remaining allegations in the second sentence of Paragraph 9 of the Complaint.

10. The recitation of an excerpted portion of 29 C.F.R. § 552.99 is a statement of law for which no response is required. To the extent a response is required, Defendant admits only that Plaintiff accurately quoted 29 C.F.R. § 552.99 and specifically denies violating any laws that support a claim for relief by Plaintiff.

11. The allegations set forth in Paragraph 11 of the Complaint state a legal conclusion and require no response from Defendant. To the extent a response is required, Defendant denies as stated the allegations in Paragraph 11.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

In response to the unnumbered *ad damnum* clause following Paragraph 13, Defendant denies that Plaintiff is entitled to any relief. Furthermore, Defendant denies all allegations and legal conclusions not specifically admitted herein, *supra*. Defendant further denies that there are any triable issues to be heard by a jury.

## STATEMENT OF DEFENSES

As separate defenses, and without conceding that Defendant bears the burden of proof of persuasion as to any of them, Defendant alleges as follows:

1. Defendant asserts that Plaintiff's claim is barred in that Plaintiff was fully and properly compensated, in accordance with the FLSA, for all hours suffered or permitted to work.

2. Plaintiff's claim is barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided under the FLSA.

3. Defendant asserts that Plaintiff is not entitled to liquidated damages because Defendant did not willfully or otherwise violate the FLSA, and if any violation is established, Defendant had a good-faith belief he was in compliance with the FLSA.

4. Plaintiff's claim is barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

5. Plaintiff's claim is barred in whole or in part to the extent that the work performed falls within the exemptions provided for in 29 U.S.C. § 213 (a) and/or (b).

6. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities.

7. Plaintiff's claim is barred in whole or in part to the extent that even if Plaintiff alleges facts constituting compensable activity, those activities are *de minimis* in nature such that compensation is not required under the FLSA as amended by the Portal-to-Portal Act.

8. To the extent the work performed by Plaintiff was voluntary in nature and without Defendant's knowledge or authorization, was contrary to express instructions, it does not constitute compensable working time under the FLSA pursuant to 29 C.F.R. § 785.27, et seq.

9. Even to the extent that Defendant owed Plaintiff any unpaid wages, Defendant is entitled to an off-set for overpayments made to Plaintiff, including but not limited to overpayments for travel time and associated expenses, paid meal periods and/or other paid break

time provided to Plaintiff, during which Plaintiff performed no work.

10. Plaintiff's claim may, in whole or in part, be barred by the applicable statute of limitations, waiver and/or laches.

Defendant reserves its right to amend or add any additional defenses or counterclaims that may become known during the course of discovery.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought and respectfully requests that Plaintiff's claims be dismissed and that the Court award Defendant costs, including attorneys' fees as appropriate, and all other relief it deems just and proper.

**Dated**: July 17, 2017

Respectfully submitted,

By: */s/ Elaine W. Keyser*
Elaine W. Keyser, Esq.
Florida Bar No.: 013606
E-mail: ekeyser@littler.com
Secondary Email: kljackson@littler.com
Alexandra Blanco, Esq.
Florida Bar No. 106874
E-mail: alblanco@littler.com
Secondary: bdonet@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of July, 2017, a true and correct copy of the foregoing was served via E-Mail on all counsel or parties of record on the Service List below.

*/s/ Elaine W. Keyser*
Elaine W. Keyser, Esq.

## SERVICE LIST

*Counsel for Plaintiff*

J.H. Zidell, Esq.
Florida Bar No. 10121
E-mail: Zabogado@aol.com
Neil Tobak, Esq.
Florida Bar No. 93940
E-mail: ntobak.zidellpa@gmail.com
Rivkah Jaff, Esq.
Florida Bar No. 107511
E-mail: rivkah.jaff@gmail.com
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

*Counsel for Defendant*

Elaine W. Keyser, Esq.
Florida Bar No.: 013606
E-mail: ekeyser@littler.com
Secondary: kljackson@littler.com
Alexandra Blanco, Esq.
Florida Bar No. 106874
E-mail: alblanco@littler.com
Secondary: bdonet@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552